UNITED STATES OF AMERICA

DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT MADLINGER, on behalf of himself and all others similarly situated, | Case No: 3:23-cv-02582-GC-RLS |
| Plaintiff, | FIRST AMENDED COMPLAINT |
| vs. | |
| LEXISNEXIS RISK SOLUTIONS; ABC CORPS 1-2., | |
| Defendant(s). | |

Plaintiff, Scott Madlinger (hereinafter "Plaintiff") alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant(s)'s violations of the Fair Credit Reporting Act, 15 U.S.C. §16 *et seq.* (hereinafter "FCRA").

## JURISDICTION AND VENUE

2. Plaintiff initiated this action in New Jersey Superior Court. Defendant removed the action, inherently asserting the existence of both federal question jurisdiction and Article III standing.

## PARTIES

3. Plaintiff is a natural person who at all relevant times has resided in Toms River, New Jersey.

4. Defendant LexisNexis Risk Solutions ("LexisNexis") is a business entity that regularly conducts business in New Jersey with its principal place of business as 1000 Alderman Dr. Alpharetta, Georgia 30005.

5.      Defendant ABC Corps 1-2. ("ABC")  are entities as of yet unkown that may have prepared the consumer reports on behalf of LexisNexis.

## FACTUAL STATEMENT

6.      Defendant(s) LexisNexis, or a sister company/corporate subsidiary of LexisNexis (ABC Corps. 1-2), has issued inaccurate credit reports concerning Plaintiff.

7.      The first inaccuracy within Defendant(s)'s credit report is the duplication of Plaintiff's civil judgment history. Despite Plaintiff having a single judgment on his record, Defendant(s) has reported Plaintiff as having two civil judgments.

8.      Reporting a single judgment as two judgments arises from Defendant(s)'s failure to maintain adequate procedures to ensure maximum possible accuracy.

9.      The second inaccuracy relates to the historical status of Plaintiff's driving eligibility. Defendant(s) has been reporting Plaintiff as having been suspended for an offense 39:3-74—obstruction of windshield. However, Plaintiff has never had his driver's license suspended. Further, obstruction of a windshield does not result in a suspended driver's license.

10.     Inaccurately reporting consumers as having been suspended for offenses that do not result in suspension demonstrates a failure to establish reasonable procedures to ensure the maximum possible accuracy.

11.     Similarly, inaccurately reporting Plaintiff as having been suspended for any reason, when factually false, demonstrates a failure to ensure maximum possible accuracy.

12.     On or about March 2021, Plaintiff disputed these inaccuracies with Defendant(s).

13.     Defendant(s) failed to conduct a reasonable investigation and verified the inaccurate information.

14. Plaintiff again disputed the information in May 2021, to no avail.

15. Before and after May 2021, the erroneous information was published in credit reports sold to third parties such as American Express, Essurance, and others.

16. As a result, Plaintiff has been subject to higher insurance rates and emotional distress damages.

## CLASS ACTION ALLEGATIONS

### The Class

17. Plaintiff brings this as a class action pursuant to New Jersey Court Rule 4:32 on behalf of himself and all others similarly situated who have been subject to the same improper reporting procedures of Defendant(s).

18. Plaintiff seeks certification of the following classes, initially defined as follows:

**Class: All consumers residing within the United States for whom Defendant(s) reported an inaccurate public record other than a duplicate civil record (e.g. erroneous license suspension), where the inaccurate record was disputed within two years of the instant action through final judgment, and Defendant(s) verified the information as accurate.**

19. Excluded from the Class are Defendant(s), and any person, firm, trust, corporation, or other entity related to or affiliated with Defendant(s), including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant(s).

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues, or modify the class definition as to the geographical location or original creditor.

### Numerosity

21. Upon information and belief, Defendant(s) has/have reported inaccurate credit information on hundreds if not thousands of consumers throughout United States, each of which violates the

FCRA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

22.  The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant(s)' records.

### Common Questions of Law and Fact

23.  There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant(s) violated the provisions of the FCRA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant(s); (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant(s)'s wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

24.  The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of Defendant(s)'s common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

25. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

26. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

27. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

28. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

29. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

30. Certification of a class is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

32. Absent a class action, the Class members will continue to suffer losses borne from the Defendant(s)'s breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant(s)'s conduct to proceed and; (b) Defendant(s) to further enjoy the benefit of its ill-gotten gains.

33. Defendant(s) has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 *et seq.*

34. Plaintiff repeats, re-alleges, and re-asserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

35. Defendant(s) prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

36. Defendant(s) negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

37. Defendant(s) also failed to conduct a reasonable investigation, in violation of 15 U.S.C. § 1681i. This includes the failure to notate Plaintiff's disputes.

38. As a direct and proximate cause of Defendant(s) failure to perform its duties under the FCRA, Plaintiff has suffered actual damages and emotional distress.

39. Defendant(s) conduct, action and inaction was willful and with malice, rendering each liable for actual and statutory damages in an amount to be determined by the Court pursuant to 15

U.S.C. §1681n.  In the alternative, Defendant(s) was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court do the following for the benefit of Plaintiff:

    A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

    B. Award statutory, actual, and punitive damages;

    C. Award costs and reasonable attorneys' fees;

    D. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff's do hereby pray and demand that this Court allow and permit a Jury Trial as to all legal and factual issues giving rise to the within complaint.

Dated this 6th day of September, 2023

Respectfully Submitted,

*/s/ Daniel Zemel___*
Daniel Zemel, Esq.
**Zemel Law LLC**
660 Broadway
Paterson, NJ 07514
(P) (862) 227-3106
dz@zemellawllc.com
Attorneys for Plaintiff