# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT MADLINGER,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS INC.,<br><br>　　　　　　　Defendant. | Civil Action No.: 3:23-cv-02582-ZNQ-RLS<br><br>Motion Day: February 5, 2024<br>Oral Argument Requested |

**DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S
CLAIMS FOR STATUTORY DAMAGES WITH PREJUDICE, OR IN THE
ALTERNATIVE TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS**

Angelo A. Stio III (Attorney ID: 01479-1997)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
301 Carnegie Center, Suite 400
Princeton, New Jersey 08648
Telephone: 609.951.4125
Email: angelo.stio@troutman.com

Cindy D. Hanson (Attorney ID: 014611994)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308
Telephone: 404.885.3830
Email: cindy.hanson@troutman.com

Julie D. Hoffmeister
(admitted *pro hac vice*)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1448
Email: julie.hoffmeister@troutman.com

Dated: February 2, 2024                    *Attorneys for Defendant LexisNexis Risk Solutions Inc.*

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................1

II. ARGUMENT ......................................................................................................3

    A. Plaintiff's Individual Claims, and Those of the Proposed Class, are Barred by Stewart ........................................................................3

    B. Plaintiff's Class Allegations Should be Stricken ..............................10

III. CONCLUSION.................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Acupuncture Clinic, Inc. v. Allstate Ins. Co.*,
  No. 07-4925 (JAP), 2008 U.S. Dist. LEXIS 65174 (D.N.J. Aug.
  26, 2008) ...................................................................................................... 7

*Centennial Mill v. Ply Gem Holdings, Inc.*,
  No. 1:17-cv-7675 (NLH/JS), 2018 U.S. Dist. LEXIS 104475
  (D.N.J. June 22, 2018) ................................................................................... 5

*Clark v. McDonald's Corp.*,
  213 F.R.D 198 (D.N.J. 2003) ......................................................................... 7

*Countryway Ins. Co. v. Slaugenhoup*,
  360 F. App'x 348 (3d Cir. 2010) .................................................................... 6

*Espinal v. Bob's Disc. Furniture, LLC*,
  Civil Action No. 17-2854 (JMV) (JBC), 2018 U.S. Dist. LEXIS
  83705 (D.N.J. May 18, 2018) ........................................................................ 5

*Franco v. Conn. Gen. Life Ins. Co.*,
  289 F.R.D. 121 (D.N.J. 2013) ........................................................................ 8

*Miller v. Motorola, Inc.*,
  76 F.R.D. 516 (N.D. Ill. 1977) ....................................................................... 7

*Penske Logistics, Inc., v. KLLM, Inc.*,
  285 F. Supp. 2d 468 (D.N.J. 2003) ................................................................ 7

*Quinn v. Quinn*,
  225 N.J. 34 (2016) .......................................................................................... 5

*Sandoval v. Midland Funding, LLC*,
  No. 18-09396 (SDW)(AME), 2021 U.S. Dist. LEXIS 126079
  (D.N.J. July 7, 2021) ...................................................................................... 9

*Stewart, et al. v. LexisNexis Risk Data Retrieval Services, LLC, et al.*,
  No. 3:20-cv-00903-JAG (E.D. Va.) ........................................................ *passim*

*Zimmerman v. Zwicker & Assocs., P.C.*,
   2011 U.S. Dist. LEXIS 2161 (D.N.J. Jan. 10, 2011) ................................................ 4

## Statutes

FCRA ............................................................................................................... *passim*

FCRA code section ................................................................................................... 3

FCRA section 1681e(b) ........................................................................................ 3, 4

FCRA section 1681i .................................................................................................. 3

## Other Authorities

Fed. R. Civ. Proc. 12(f) ............................................................................................. 2

Fed. R. Civ. Proc. 23 ......................................................................................... 2, 8, 9

Restatement (Second) of Contracts § 203 ................................................................ 7

Rule 23(b)(2) .................................................................................................. *passim*

Rule 23(b)(2) and Rule 23(b)(3) ............................................................................... 3

Rule 23(b)(3) .................................................................................................. *passim*

I.  **INTRODUCTION**

As detailed in Defendant LexisNexis Risk Solutions Inc.'s ("LNRS") Motion to Dismiss Plaintiff's Complaint or Strike Plaintiff's Class Allegations (the "Motion"), Plaintiff Scott Madlinger's ("Plaintiff") lawsuit is a thinly-veiled attempt to revive claims he, and other members of his proposed class, have already released. *See Stewart, et al. v. LexisNexis Risk Data Retrieval Services, LLC, et al.,* No. 3:20-cv-00903-JAG (E.D. Va.) ("*Stewart*").  Plaintiff's First Amended Complaint (the "FAC") attempts to contrive a class which is excluded from the *Stewart* Settlement by slightly narrowing the scope of his previously proposed class with qualifying language related to disputes and duplicates.  As set forth fully in the Motion to Dismiss, and further argued herein, this attempt fails because, even under Plaintiff's new definition, the proposed class remains covered by the classes defined in the *Stewart* Settlement Agreement (the "Agreement").  Plaintiff's Opposition to the Motion (the "Opposition") fails to meaningful contradict this argument.  Instead, the Opposition merely attempts to reclassify his claims in a way that would allow him, and an overbroad class of consumers, to relitigate claims that have already been settled and released.

Plaintiff's Opposition relies on two arguments.

*First*, Plaintiff argues his claims, and those of the proposed class, are not covered by the *Stewart* Settlement Agreement (the "Agreement").  Plaintiff attempts

to draw a distinction between the Rule 23(b)(2) Settlement Class (of which it is undisputed Plaintiff is a member) and the Rule 23(b)(3) Settlement Class by claiming one class relates to certain types of FCRA claims and the other class relates to other types of FCRA claims. This distinction contradicts the plain language of the Agreement, which states that the Rule 23(b)(2) Settlement Class released "any and all legal or equitable claims for statutory damages based on the FCRA" and "waive[d] their right to pursue any claims pursuant to the FCRA or FCRA State Equivalents on a class basis." Agreement §§ 4.6.1, 4.6.2. Any and all FCRA claims that Plaintiff, and his proposed class, might assert against LNRS are covered by the Agreement.

*Second*, Plaintiff argues LNRS' Motion to Strike is premature. In asserting this argument, Plaintiff seemingly ignores the line of cases in this district, and elsewhere, which demonstrate that motions to strike class allegations pursuant to Fed. R. Civ. Proc. 12(f) are appropriate where a complaint demonstrates on its face that the four requirements of Fed. R. Civ. Proc. 23 cannot be satisfied. That is the case here. Despite his assertions to the contrary, Plaintiff's overbroad proposed class and atypical claims cannot satisfy the typicality requirement of Rule 23. Accordingly, to the extent that Plaintiff's class claims in the FAC are not dismissed, his class claims should be stricken.

2

## II. ARGUMENT

### A. Plaintiff's Individual Claims, and Those of the Proposed Class, are Barred by *Stewart*

In the Agreement the Rule 23(b)(2) class members (i) waived their right to pursue class FCRA claims and (ii) released all claims for statutory damages against LNRS. *See* Agreement §§ 4.6.1, 4.6.2. As outlined below, the Rule 23(b)(3) Settlement Class is a subset of the Rule 23(b)(2) Settlement Class, so any class waivers and statutory damages claims apply to both classes. Plaintiff does not dispute that he is a Rule 23(b)(2) Settlement Class member.

The Rule 23(b)(2) Settlement Class includes "all persons residing in the United States of America who at any time from July 24, 2013 through the date of Preliminary Approval had: (1) a Lien, ***Judgment*** or Landlord Tenant record ***made publicly available by a government source*** or a Lien, ***Judgment*** or Landlord Tenant record related court record included in a Consumer Report furnished by LNRS or (2) ***a Motor Vehicle Record*** included in a Consumer File Disclosure by LNRS." *Id.* § 2.46 (emphasis added). Plaintiff's claims involve two alleged inaccuracies: one related to two civil ***judgments***; and another related to the suspension of Plaintiff's driver's license—***a Motor Vehicle Record***. FAC at ¶¶ 7, 9. Plaintiff's claims relating to the reporting and dispute of a judgment record and a motor vehicle record fall squarely within the scope of the *Stewart* Settlement Class under the express language found in Section 2.46 of the Agreement.

Contrary to the plain language of the Agreement, Plaintiff attempts to divide the Rule 23(b)(2) and Rule 23(b)(3) Settlement Classes based on the specific FCRA code section he claims is implicated by the class definitions. According to Plaintiff, despite the express language in the Agreement, the release that the Rule 23(b)(2) Settlement Class provided relates only to claims under section 1681e(b) of the FCRA and the release provided by the Rule 23(b)(3) Settlement Class only applies to a claim under section 1681i of the FCRA. Opp. at 5-6. Plaintiff contends that his class claims in this case were not part of the Rule 23(b)(2) Settlement Class and therefore they were not released.[1] *Id.* at 6. This position finds no support in the Agreement.

The Rule 23(b)(2) Settlement Class release does not limit the release to a specific FCRA code section or alleged violation. Rather, the release of statutory damages applies to "any and all legal or equitable claims for statutory damages based on the FCRA" and the waiver of the class action device applies to "any claims pursuant to the FCRA." Agreement §§ 4.6.1, 4.6.2.

---

[1] Applying this same logic to Plaintiff's proposed class definition results in a similarly confusing result. The FAC's proposed class includes consumers for whom LNRS reported an inaccurate public record (i.e., a section 1681e(b) claim) and where the inaccurate record was disputed within two years of the instant action through final judgment where LNRS verified the information as accurate (i.e., a section 1681i claim). Yet, Plaintiff's Opposition admits that the Rule 23(b)(2) Settlement Class released their section 1681e(b) claims in *Stewart*. Opp. at 6.

Plaintiff's related argument about the purported overbreadth of the release is inapposite. He claims the released claims cannot be "completely unrelated events" and the release must be limited to the "Covered Conduct." Opp. at 7. Yet, the Agreement defines "Covered Conduct" to mean "(a) the reporting of Judgments, Liens or Landlord Tenant record and any related violations of the FCRA or FCRA State Equivalents, (b) LNRS' disclosure of Motor Vehicle Records on Consumer File Disclosures *and any related violation of the FCRA or FCRA State Equivalents*. . ." Agreement § 2.19 (emphasis added). Plaintiff alleges LNRS inaccurately reported his judgment and license suspension (motor vehicle record) and he disputed this information that was appearing in his consumer file disclosure. *See* FAC ¶¶ 7-15. The FAC also asserts claims under section 1681e(b) and 1681i.² *Id.* ¶¶ 36, 37. Plaintiff cannot draw a meaningful distinction between his factual allegations in this case and the "Covered Conduct" he released in *Stewart*.

Any issues regarding the scope of the release language in the Agreement, or otherwise related to the settlement, would have been appropriately addressed in the approval of the Agreement by the Court in *Stewart*. The single opinion that Plaintiff cites in support of his argument that the release language is "too broad," was in a

---

² Plaintiff admits that his section 1681e(b) class claim is subject to the Agreement based on the scope of the Rule 23(b)(2) Settlement Class release. Opp. at 6. Nevertheless, he still seeks statutory damages on an individual basis for his claim under section 1681e(b). *See* FAC ¶¶ 36, 39.

5

completely different procedural posture than a motion to dismiss. In *Zimmerman v. Zwicker & Assocs., P.C.,* 2011 U.S. Dist. LEXIS 2161 (D.N.J. Jan. 10, 2011), this Court was considering a motion seeking preliminary settlement approval of a class action settlement. *Zimmerman,* at *2. In its evaluation of the proposed settlement, the Court listed several reasons which would render a settlement ripe for denial, including if "the scope of the proposed release and agreement not to sue [was] over inclusive." *Id.* at *10-11. Indeed, the Court denied the parties' motion for preliminary approval and cited the overbreadth of the agreement not to sue as one of the reasons for denial. *See id.* at *24.

Unlike *Zimmerman*, the settlement approval process for *Stewart* already occurred, and Plaintiff is asking an entirely different court than the one that approved the settlement, to rewrite the language of the release. There is no authority to support the legal calisthenics Plaintiff wants this Court to engage in. The *Stewart* Court approved the Agreement, including the scope of the statutory damages release and class action waiver that included all claims under the FCRA. The *Stewart* Court's Order found "the settlement of the lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fair, reasonable, adequate, and in the best interests of the Settlement Class Members." *Stewart*, Dkt. No. 92, Order Granting Final Approval of Rule 23(b)(2) Settlement, at 3. The same Order went on to affirm that the Rule 23(b)(2) Settlement Class "released and discharged all of the Released

6

Parties of and from any and all legal or equitable claims for statutory damages based on the FCRA" and "waive[d] their right to pursue any claims pursuant to the FCRA . . . on a class basis." *Id.* at 4. Where, as here, the terms of a settlement agreement are clear and unambiguous "'the parties cannot expect a court to present to them a contract better than or different from the agreement they struck between themselves.'" *Centennial Mill v. Ply Gem Holdings, Inc.*, No. 1:17-cv-7675 (NLH/JS), 2018 U.S. Dist. LEXIS 104475, at *7 (D.N.J. June 22, 2018) (quoting *Quinn v. Quinn*, 225 N.J. 34, 45 (2016)).

Plaintiff further attempts to exclude himself from the class on the basis that the Agreement "makes no mention of those who disputed the record" in the Rule 23(b)(2) class. Opp. at 4 (emphasis in original). Plaintiff is correct about one thing: the Agreement makes no mention of whether the Rule 23(b)(2) class members disputed the records at issue. Plaintiff is mistaken, however, about the effect of excluding such limiting language from the class definition. The Opposition suggests that the lack of limiting language is an affirmative exclusion of those who have actually disputed their records. *Id*. However, the effect is exactly the opposite. Where no language exists to limit a clause, it should be interpreted broadly. *See, e.g., Espinal v. Bob's Disc. Furniture, LLC*, No. 17-2854 (JMV) (JBC), 2018 U.S. Dist. LEXIS 83705, at *20 (D.N.J. May 18, 2018) (finding that where the language of an arbitration agreement "had no limiting language" it "was not expressly

7

limited"); *Countryway Ins. Co. v. Slaugenhoup*, 360 F. App'x 348, 350-51 (3d Cir. 2010) (finding that an exclusion provision regarding "the use of a motorized vehicle," with no limiting language, was unambiguous and "meant to exclude all coverage for liability imposed by law as the result of motor vehicle use-*by anyone*"). Here, the lack of limiting language in the definition of the Rule 23(b)(2) Settlement Class does not exclude those who, like Plaintiff, have disputed their records. Instead, the Rule 23(b)(2) class covers all persons with judgments within the class ***regardless of whether or not they have disputed the records.*** Accordingly, Plaintiff's argument that the class excludes claims related to the disputes of Motor Vehicle Records fails.

The Rule 23(b)(3) Settlement Class includes "all individuals in the United States who disputed a lien or judgment record with LNRS (either directly or indirectly via a reseller) from July 24, 2016 through December 31, 2021." *Stewart* Settlement Agreement § 2.53. Plaintiff argues that because the Rule 23(b)(3) class covers claims regarding disputes related to the reporting of public records, these claims cannot be included in the Rule 23(b)(2) class. Notably, he offers no support for this argument.

Contrary to Plaintiff's assertions, the Rule 23(b)(3) Settlement Class does not become superfluous, or "extraneous" merely because there is some overlap between with Rule 23(b)(2) Settlement Class. Opp. at 5-6. In fact, the scope of the release agreed to by the Rule 23(b)(3) class is broader than the release for the Rule 23(b)(2)

8

class. The Rule 23(b)(3) Settlement Class released the right to pursue individual and class claims against LNRS and any claims for *either statutory or actual damages* under the FCRA. *See* Agreement § 2.54, 5.10. In other words, the Rule 23(b)(3) class (a subset of the Rule 23(b)(2) class) agreed to release additional claims against LNRS, including individual claims and claims for actual damages.

Regardless, Plaintiff's attempt to convince this Court to interpret the Agreement in a way which would render Rule 23(b)(3) superfluous directly contradicts cardinal principles of contract construction. *See Penske Logistics, Inc., v. KLLM, Inc.,* 285 F. Supp. 2d 468, 474 (D.N.J. 2003) ("Under the principles of contract interpretation, a contract should not be given an interpretation which renders a term or terms superfluous or meaningless…"); Restatement (Second) of Contracts § 203 ("'[A]n interpretation which gives a reasonable, lawful, and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect. . . .'"). Accordingly, the Agreement should be read to include the Rule 23(b)(3) class as a subclass of the broader Rule 23(b)(2) class, which required the release and discharge of "any and all legal or equitable claims for statutory damages based on the FCRA or any FCRA State Equivalents arising before the Effective Date." Agreement § 4.6.1.

9

B.     **Plaintiff's Class Allegations Should be Stricken**

Despite Plaintiff's assertions to the contrary, LNRS' Motion to Strike Plaintiff's class claims may be decided at this stage. *See Clark v. McDonald's Corp.*, 213 F.R.D 198, 205 n.3 (D.N.J. 2003) ("A defendant may move to strike class allegations prior to discovery in rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met.") (citing *Miller v. Motorola, Inc.*, 76 F.R.D. 516 (N.D. Ill. 1977)); *see also Advanced Acupuncture Clinic, Inc. v. Allstate Ins. Co.*, No. 07-4925 (JAP), 2008 U.S. Dist. LEXIS 65174, at *22 (D.N.J. Aug. 26, 2008) (granting motion to strike where maintenance of a class action is not possible because Plaintiffs do not satisfy the requirements of Fed. R. Civ. P. 23.). On its face, Plaintiff's FAC makes clear that he is unable to satisfy the basic requirements of Fed. R. Civ. P. 23.

First, Plaintiff's proposed class is overbroad. To satisfy the requirements of Rule 23, a proposed class must be identifiable without being overbroad. *Franco v. Conn. Gen. Life Ins. Co.*, 289 F.R.D. 121, 141 (D.N.J. 2013). Appropriate class definitions must be tailored to the specifics of the case. *Id.* Here, Plaintiff's proposed class definition is untethered to the allegations of Plaintiff's individual claim focused only on the alleged reporting of "Plaintiff's civil judgment history" and the "historical status of Plaintiff's driving eligibility." FAC at ¶¶ 7, 9. The proposed class is much broader as it covers *all* "public record[s] other than a

duplicate civil record." FAC at ¶ 18. The class is not limited to records related to civil judgments or driving eligibility. In fact, it is not limited to any category of records. If Plaintiff's action was allowed to proceed with his proposed class definition, it would encompass claims wholly unrelated to this case. Accordingly, Plaintiff's class definition is not necessarily tailored to the specifics of this case and is therefore impermissibly overbroad.

Second, the overbreadth of Plaintiff's proposed class renders Plaintiff's individual claims atypical of the putative class. For example, Plaintiff's claims do not relate in any way to records related to property deeds, address records, voting records, birth certificates, marriage records, or obituaries. However, the proposed class would cover individuals with claims related to each of these categories of records, among others. These claims would be entirely different from Plaintiff's—both factually and legally. The impact of purported inaccuracies in these types of records differ greatly from the impact of purported inaccuracies in Plaintiff's driving record or civil judgment history.

Despite these differences, Plaintiff alleges that his claims are typical because "the same harm was suffered," namely the purported failure to correct inaccurate civil record information. In support of this argument, Plaintiff argues that the steps taken to conduct investigations into claims could be the same regardless of the type of record at issue. Opp. at 5. Further, Plaintiff alleges that "it is [] plausible

11

Defendant did not conduct an investigation at all for any of the disputes as pleaded in the complaint." *Id.* Plaintiff argues that "[i]n that case, both the factual and legal questions for the entire class would be common and Plaintiff's claims would be typical." However, this was not asserted in the FAC.

Plaintiff's FAC offers nothing more than the conclusory allegation that Plaintiff and the class "have claims arising out of Defendant's common uniform course of conduct." FAC at ¶ 24. However, the FAC fails to allege sufficient facts to demonstrate that LNRS acted with a singular course of conduct towards the entire proposed class. *See Sandoval v. Midland Funding, LLC*, No. 18-09396 (SDW)(AME), 2021 U.S. Dist. LEXIS 126079, at *10-11 (D.N.J. July 7, 2021) (finding plaintiffs' claims atypical where "[t]he Record fails to clearly demonstrate that Defendants acted with a "singular" course of conduct towards [plaintiffs], let alone towards the class at large.")

Plaintiff offers no other arguments to support his argument that his claims are typical. Instead, he suggests that he may be able to later modify the class to one that satisfies the requirements of Rule 23. Opp. at 8. However, the procedural history of this case speaks for itself, *see* Defendant's Motion to Dismiss at 2-9, and demonstrates the futility of allowing Plaintiff to further amend his claims. To date, Plaintiff has had multiple opportunities to modify the scope of the class he seeks to certify. Indeed, he has actually attempted to modify the proposed class. Yet, he has

12

still failed to meet the basic requirements of Fed. R. Civ. P. 23.  Further leave to amend would be futile.  Accordingly, Plaintiff's class claims should be stricken.

## III.   CONCLUSION

For the foregoing reasons, LexisNexis Risk Solutions Inc. respectfully requests that the Court: (1) grant its Motion to Dismiss; (2) dismiss Plaintiff's class claims and claims for statutory damages against LNRS with prejudice; or, in the alternative, (3) grant LNRS' Motion to Strike and (4) grant any other such relief as may be appropriate.

Dated: February 2, 2024                                            Respectfully Submitted,

/s/Cindy D. Hanson
Cindy D. Hanson
Attorney ID: 014611994
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308
Telephone: 404.885.3830
Facsimile: 404.885.3900
Email: cindy.hanson@troutman.com

Angelo A. Stio III
Attorney ID: 01479-1997
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
301 Carnegie Center, Suite 400
Princeton, New Jersey 08648
Telephone: 609.951.4125
Facsimile: 609.452.1147
Email: angelo.stio@troutman.com

        Julie D. Hoffmeister
(admitted *pro hac vice*)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1448
Facsimile: (804) 697-1339
Email: Julie.hoffmeister@troutman.com

*Attorneys for Defendant LexisNexis Risk Solutions Inc.*