UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SCOTT MADLINGER**, <br><br> Plaintiff, <br><br> v. <br><br> **LEXISNEXIS RISK SOLUTIONS INC.**, *et al.*, <br><br> Defendants. | Civil Action No. 23-2582 (ZNQ) (RLS) <br><br> **OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion to Dismiss Plaintiff Scott Madlinger's ("Plaintiff") Class Allegations and Claims for Statutory Damages, or in the Alternative to Strike Plaintiff's Class Allegations filed by Defendant LexisNexis Risk Solutions Inc. ("LNRS" or "Defendant"). ("Motion," ECF No. 34.) Defendant filed a brief in support of the Motion ("Moving Br.," ECF No. 34-1) as well as the Declaration of Angelo A. Stio III ("Stio Decl.," ECF No. 34-2). Plaintiff filed an opposition ("Opp'n Br.," ECF No. 38), to which Defendant replied ("Reply Br.," ECF No. 42). After careful consideration of the parties' submissions, the Court decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.[1] For the reasons outlined below, the Court will **GRANT** Defendant's Motion to Dismiss.

---

[1] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

1

I.  **BACKGROUND AND PROCEDURAL HISTORY**[2]

Plaintiff initiated the present action after Defendant allegedly issued inaccurate credit reports related to him. (Am. Compl., ECF No. 27 ¶ 6.) In particular, Plaintiff alleges that the credit reports contain two inaccuracies. (*Id.* ¶¶ 7, 9.) First, Defendant reported Plaintiff as having two civil judgments despite Plaintiff only having a single judgment on his record. (*Id.* ¶ 7.) Second, Defendant reported Plaintiff as having been suspended for an offense called "obstruction of windshield" even though Plaintiff has never had his driver's license suspended. (*Id.* ¶ 9.) Around March 2021, Plaintiff disputed these inaccuracies with Defendant, but Defendant verified the inaccurate information in response and failed to conduct a reasonable investigation. (*Id.* ¶¶ 12–13.) In May 2021, Plaintiff again disputed the inaccuracies, to no avail. (*Id.* ¶ 14.) Starting in May 2021, the inaccurate information was published in credit reports sold to third parties such as American Express, "Essurance" [sic], and others. (*Id.* ¶ 15.) As a result, Plaintiff has been subject to emotional distress and higher insurance rates. (*Id.* ¶ 16.)

The Amended Complaint also seeks certification of a putative class defined as "[a]ll consumers residing within the United States for whom Defendant(s) reported an inaccurate public record other than a duplicate civil record (e.g. erroneous license suspension), where the inaccurate record was disputed within two years of the instant action through final judgment, and Defendant(s) verified the information as accurate." (*Id.* ¶ 18.) Plaintiff alleges that the proposed class meets the elements of numerosity, commonality, typicality, superiority, and adequacy. (*Id.* ¶¶ 21–33.) Among other relief sought, Plaintiff asks the Court to certify the putative class and to award statutory damages. (*See id.* at 7.)

---

[2] For the purpose of considering the instant Motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

Plaintiff initially filed a class action complaint against Defendant in the New Jersey Superior Court. On May 12, 2023, Defendant removed the case to this Court. (ECF No. 1.) On September 6, 2023, Plaintiff filed a single count Amended Complaint asserting one class action claim for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). (*See generally* Am. Compl.) Specifically, Plaintiff alleges that Defendant violated § 1681e(b) by failing to report accurate information and § 1681i for failing to conduct a reasonable investigation. (*Id.* ¶¶ 36–37.) Thereafter, Defendant filed the instant Motion to Dismiss. (ECF No. 34.)

## II. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over the federal claim alleged in the Amended Complaint.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations

that merely state the defendant unlawfully harmed me. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## IV. DISCUSSION

The Amended Complaint alleges a single count for violation of the FCRA. (Am. Compl. ¶¶ 34–39.) The crux of Defendant's Motion is that Plaintiff's statutory damages and putative class claims are barred by the settled class action case from the Eastern District of Virginia, *Stewart v. LexisNexis Risk Data Retrieval Servs., LLC* ("*Stewart*").[3] Defendant argues that Plaintiff is an undisputed member of the Rule 23(b)(2) Settlement Class in *Stewart* and is therefore precluded from bringing the present class action claim. (Moving Br. at 11–12.) Defendant contends that Plaintiff's claim "fall[s] squarely within" the claims that the *Stewart* class members waived under the *Stewart* Settlement Agreement ("Settlement Agreement" or "Agreement"). (*Id.* at 11.) Emphasizing the wide scope of the Settlement Agreement's release provisions, Defendant argues that Plaintiff, as a class member, is bound by the Settlement Agreement under contract law and *res judicata* principles. (*Id.* at 12–13.) Alternatively, Defendant argues that the Court should strike Plaintiff's class action allegations pursuant to Rule 12(f).

---

[3] Civ No. 20-903 (E.D.Va.).

Plaintiff disagrees and argues that the claims asserted in the Amended Complaint are not precluded by the Settlement Agreement. (Opp'n Br. at 1.) Plaintiff argues that he is bringing a "class claim regarding a § 1681i dispute over a driving record" that was "carefully crafted to be outside the bounds of the [Settlement Agreement]." (*Id.* at 1, 4.) From what the Court can gather, Plaintiff insists that his claim falls outside the scope of the Settlement Agreement for two main reasons. First, Plaintiff argues that the *Stewart* Rule 23(b)(2) class does not cover his claim because that class is "clearly limited" to claims brought under only § 1681e(b) of the FCRA. Second, the other *Stewart* class, the Rule 23(b)(3) class, also does not cover his claim because that class is "limited to only disputes regarding public liens and judgments" as opposed to disputes over driving records; claims relating to disputes of inaccurate information are brought under § 1681i. (Opp'n Br. at 1, 4–5.) Plaintiff additionally argues that his proposed class does not cover any *Stewart* class member, and that his allegations fall outside of the "Covered Conduct" as defined by the Settlement Agreement. (*Id.* at 3–4.) Plaintiff urges the Court to address the Settlement Agreement, which he maintains is vague or contradictory, at a later stage of the litigation. (*Id.* at 3.)

The Court's analysis begins and ends with the preclusive effect of the *Stewart* Settlement Agreement; accordingly, it need not analyze the required elements of an FCRA claim. "[A] judgment pursuant to a class settlement can bar later claims based on the allegations underlying the claims in the settled class action. This is true even though the precluded claim was not presented, and could not have been presented, in the class action itself." *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 261 F.3d 355, 366 (3d Cir 2001); *see also Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 312 ("It is well established that "settlement agreements are creatures of private contract law.") (internal quotation marks omitted). Here, the Court finds that it must dismiss

5

Plaintiff's Amended Complaint because Plaintiff's claims are precluded by the Settlement Agreement.

As an initial matter, the Court takes judicial notice of the *Stewart* Settlement Agreement, as it is a matter of public record, accessible on the Eastern District of Virginia's electronic court filing system.[4] (*See Stewart*, Civ. No. 20-903 at ECF Nos. 57-1, 92 (E.D.Va.).) Upon careful review of the Settlement Agreement, it is clear that Plaintiff is a member of the Rule 23(b)(2) class, and that he is therefore precluded from bringing his claim under the unambiguous terms of the Agreement.

The Agreement defines the Rule 23(b)(2) class as:

> all persons residing in the United States of America who at any time from July 24, 2013 through the date of Preliminary Approval had: (1) a Lien, Judgment or Landlord Tenant record made publicly available by a government source or a Lien, *Judgment* or Landlord Tenant related court record *included in a Consumer Report furnished by LNRS* or (2) a Motor Vehicle Record included in a Consumer File Disclosure by LNRS.

(*Id.* at ECF No. 57-1 § 2.46 (emphases added); *see also id.* at ECF No. 92 (defining the class).) Plaintiff does not directly dispute whether he is a member of this class.[5] (*See generally* Opp'n Br.) However, he suggests that he falls outside of the Rule 23(b)(2) class because that class "makes no mention of those who disputed the record," like he alleges he did. (*Id.* at 4 (emphasis in original).)

The Court is not persuaded by this argument. It is of no consequence that Plaintiff has attributes in addition to those described in the *Stewart* Rule 23(b)(2) class because he still satisfies the requirements of the class and thus is a class member: (1) he resides in the United States, (2) his claims arose in 2021 (which is prior to the court's Preliminary Approval in February 2022), and

---

[4] The Court may take judicial notice of matters of public record, such as court orders and docket entries. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).
[5] Rather, his arguments tend to state that his claim is not covered by the class. (*See, e.g.*, *id.* at 5 (stating that the *Stewart* Rule 23(b)(2) class "does not cover Plaintiff's . . . *claim*") (emphasis added).)

6

(3) his Amended Complaint, contrary to the assertions in his brief, alleges that Defendant generated consumer reports containing inaccurate information relating to Plaintiff's civil judgment history and motor vehicle records. (Am. Compl. ¶¶ 3, 7, 12; *Stewart*, Civ. No. 20-903 at ECF Nos. 70, 92.) Plaintiff is therefore bound by the terms of the Settlement Agreement, which clearly releases Defendant's liability "of and from *any and all* legal or equitable *claims for statutory damages* based on the FCRA . . . arising before the Effective Date." (*Stewart*, Civ. No. 20-903 at ECF No. 57-1 § 4.6.1 (emphasis added).) The Effective Date of the *Stewart* Settlement Agreement is July 2022, well after Plaintiff's claims arose in 2021. (*Id.* § 2.21; *id.* at ECF No. 92; *see* Am. Compl. ¶ 12 (claim arising at least by March 2021).) The Court rejects Plaintiff's framing of this release from liability as a narrow one. To the contrary, the Settlement Agreement's unambiguous language precludes Plaintiff, as a Rule 23(b)(2) class member, from bringing "any and all" statutory FCRA claims. The Agreement further prohibits Plaintiff, as a Rule 23(b)(2) class member, from pursuing "*any claims* pursuant to the FCRA . . . *on a class basis* arising on or before the Effective Date . . . using the class action procedural device." (*Stewart*, Civ. No. 20-903 at ECF No. 57-1 § 4.6.2 (emphasis added).) Contrary to Plaintiff's assertions, the Amended Complaint brings a claim not just under § 1681i of the FCRA, but § 1681e(b) and the FCRA broadly as well, which is clearly prohibited by the Settlement Agreement. (Am. Compl. ¶¶ 34–39 (referencing several subsections of the FCRA).)

Accordingly, the Court must dismiss Plaintiff's Amended Complaint, which seeks class certification and statutory damages under the FCRA for a cause of action that arose in 2021, prior to the Effective Date of the Settlement Agreement. (Am. Compl. ¶¶ 12, 39.)

## IV. CONCLUSION

For the reasons stated above, the Court will **GRANT** Defendant's Motion to Dismiss.[6] The Amended Complaint will be **DISMISSED** without prejudice.[7] Plaintiff will be given an opportunity to file an Amended Complaint to address the defects identified in this Opinion within 30 days. An appropriate Order will follow.

Date: **June 28, 2024**

                                            s/ Zahid N. Quraishi
                                            **ZAHID N. QURAISHI**
                                            **UNITED STATES DISTRICT JUDGE**

---

[6] Given the Court is dismissing Plaintiff's claim, the Court need not reach Defendant's alternative motion to strike Plaintiff's class action allegations pursuant to FRCP 12(f).

[7] The Amended Complaint also names "ABC Corps. 1-2" as defendants. Although courts may "allow claims based upon 'fictitious' defendants because they may be found and named later through the discovery process," *K.J. ex rel. Lowry v. Div. of Youth & Family Servs.*, 363 F. Supp. 2d 728, 740 (D.N.J. at 2005) (citing *Alston v. Parker*, 363 F. 3d 229, 233 n.6 (3d Cir. 2004)), where a plaintiff has failed to plead facts sufficient to sustain a claim against any defendant, claims against these fictitious defendants will be dismissed as well. The Amended Complaint here fails to plead the requisite facts against ABC Corps 1–2, and therefore the Court will dismiss them as well.